■ CITIMORTGAGE, INC., Formerly Known as CITICORP MORTGAGE, INC., Respondent, v AMY GIORDANO, Respondent, et al., Defendants. DEERFIELD REALTY PARTNERS, LLC, as Assignee of FLEET BANK, Nonparty Respondent; NASSAU ASSET CAPITAL, LLC, Nonparty Appellant. [791 NYS2d 454]—

In an action to foreclose a mortgage, Nassau Asset Capital, LLC, the successful bidder at the second foreclosure sale, ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated April 12, 2004, as granted that branch of the motion of the defendant Amy Giordano and Alexander Sinayuk, the successful bidder at the first foreclosure sale, which was to vacate the second foreclosure sale, and ordered a new sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of Nassau Asset Capital, LLC, the Supreme Court did not set the second foreclosure sale aside based merely on a finding that the price was inadequate. Rather, the Supreme Court determined, based upon facts which were not disputed, that the conduct of that sale was irregular, with the effect of depriving prospective bidders of the opportunity to bid. Since "[t]he essence of a judicial sale is a full and free opportunity for bidders to compete" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 410 [1983]), the Supreme Court properly exercised its inherent equitable power in setting aside the second foreclosure sale.

The nonparty appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.